IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40802
Summary Calendar
_____

BILLY CHARLES FRANKLIN,

                                                    Plaintiff-Appellant,

versus

KENNETH SULEWSKI, Disciplinary Captain;
KENNETH RAMSEY, Regional Director; JIMMY
ALFORD, Warden; PATRICIA ADAMS, Property Officer,

                                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(99-CV-84)
- - - - - - - - - -
January 7, 2000

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Billy Charles Franklin, Texas prisoner # 580030, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Franklin alleged that his due process rights were violated when he was deprived, as a result of a prison disciplinary hearing, of 180 days of good-time credit in violation of prison disciplinary rules, that his administrative appeals regarding this deprivation and the failure to follow prison rules

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were denied, and that he was denied access to legal materials which caused him to file untimely administrative appeals of the disciplinary hearing.

Franklin has not shown that his conviction in the disciplinary proceeding has been overturned. Therefore, he may not seek damages, declaratory, or injunctive relief based on the procedures used in the disciplinary hearing in a § 1983 action because such relief, if granted, would necessarily imply the invalidity of his conviction. See Edwards v. Balisok, 520 U.S. 641 (1997); Clarke v. Stalder, 154 F.3d 186 (5th Cir. 1998), cert. denied, 119 S. Ct. 1052 (1999).

Likewise, his assertion that two of the defendants deprived him of due process by failing to correct on appeal the violation of the prison rules does not state a claim because mere violation of a prison rule does not state a constitutional claim, and his appeals were untimely. See Hernandez v. Estelle, 788 F.2d 1154 (5th Cir. 1986).

Finally, Franklin's assertion that interference with his ability to appeal a decision in a prison disciplinary hearing implicates his constitutional right of access to the courts is without basis.

Because the district court did not err in determining that Franklin failed to state a claim, its decision is affirmed.

Franklin's request for the appointment of counsel on appeal is denied as moot.

AFFIRMED; MOTION DENIED.

2